**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JOHN BRADY LAYNE,**

      Plaintiff,

v.                                                           **Case No. 8:10-cv-2416-T-27AEP**

**MICHAEL SCOTT COLLINS,**

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the *pro se* Plaintiff's Complaint (Dkt. No. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2), which the Court construes as a Motion for Leave to Proceed *in forma pauperis*. The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a valid cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

The Plaintiff has brought the present action for breach of contract and legal malpractice against Defendant Michael Scott Collins in this Court on the basis of diversity of citizenship jurisdiction. Under 28 U.S.C. § 1332, the Court shall have jurisdiction over all civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is complete diversity of citizenship. *See* 28 U.S.C. § 1332 (a) (2010). In the Complaint, the Plaintiff requests that this Court enter a judgment against the Defendant for $12,221, exclusive of interest and costs.[1] Under Rule 12(h)(3), the Court must dismiss an action if it determines that it lacks subject-matter jurisdiction. FED. R. CIV. P. 12(h)(3). Here, the Plaintiff's amount in controversy is less than statutorily required amount.

Accordingly, it is **RECOMMENDED** that the Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and the Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** at Tampa, Florida, this 19th day of November, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] The Plaintiff requests that the Court enter a judgment against the Defendant for (1) $2,200 in compensatory damages, plus interest, (2) all costs and fees necessary to bring the present action, (3) $21 for copies and postage, (4) $10,000 in punitive damages, and (5) such other and further relief as deemed just and proper. (Dkt. No. 1 at 8.) Thus, the total amount in controversy, exclusive of interest and costs, is $12,221.

2

Copies furnished to:

Counsel of Record

*Pro se* parties